UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| PAULINE DUCHAMP | § |
| Plaintiff, | § |
| v. | § Civil Case No: |
| C. R. BARD, INC. AND DAVOL, INC., | § |
| Defendants. | § |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants C.R. Bard, Inc. and Davol Inc., (collectively "Defendants") hereby remove this action from the 408TH Judicial District Court of Bexar County in the State of Texas, to the United States District Court for the Western District of Texas, San Antonio Division based on diversity jurisdiction under 28 U.S.C. §§ 1332. In support of removal, Defendants state as follows:

### I. FACTUAL AND PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

1. On or about September 11, 2019, Plaintiff Pauline Duchamp filed an Original Petition against Defendants in the 408TH Judicial District Court of Bexar County in the State of Texas, entitled *Pauline Duchamp v. C.R. Bard, Inc. and Davol Inc.,* Cause No. 2019-CI19118 ("Pet.," attached as part of Exhibit A). Exhibit A is "a copy of all process, pleadings, and orders" served upon Defendants in this action, as required by 28 U.S.C. § 1446(a).

2. In the Original Petition, Plaintiff alleges that a "Ventrio ST Mesh," manufactured, sold and/or distributed by Defendants, was implanted in Plaintiff on July 31, 2015, in connection with her hernia repair. *See* Pet. at ¶¶11-14. Plaintiff further alleges that she "was caused to suffer

severe personal injuries, pain and suffering, severe emotional distress, financial or economic loss, including obligations for medical services and expenses, impairment of personal relationships, and other damages." *Id.* at ¶38.

3. Plaintiff asserts various product liability claims, including claims for negligence, breach of warranty, Deceptive Trade Practices, Fraudulent Concealment, product liability, and strict liability, against all Defendants.

4. Defendants were served with process on September 20, 2019. *See* Ex. A. Defendants are filing this Notice of Removal within thirty (30) days of service, per 28 U.S. Code § 1446(b)(1). As such, removal is timely.

5. Promptly after the filing of this Notice, Defendants will serve written notice of this removal on Plaintiff's counsel and file a copy of this Notice of Removal with the 408TH Judicial District Court of Bexar County, as required by 28 U.S.C. § 1446(d).

6. The Western District of Texas, San Antonio Division, is the federal judicial district encompassing the 408TH Judicial District Court of Bexar County. *See* 28 U.S.C. § 124(b)(4). Venue is therefore proper in this district and division under 28 U.S.C. § 1441(a).

## II. THIS COURT HAS DIVERSITY JURISDICTION

7. This Court has diversity jurisdiction over this case because each party is, and was at the time Plaintiff filed her Original Petition, citizens of different states, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332.

A.      **The Amount in Controversy Is Met.**[1]

8.      Plaintiff admits she "seeks damages in excess of $1,000,000." *See* Pet. at ¶6. Accordingly on the face of the Original Petition, the amount in controversy in this action exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C § 1332(a); *see Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 354 (1961) ("The general federal rule has long been to decide what the amount in controversy is from the complaint itself, unless it appears or is in some way shown that the amount stated in the complaint is not claimed 'in good faith.'") (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938) ("The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith.")); *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Russell*, 972 F.2d 628, 630 (5th Cir. 1992); *Kennard v. Indianapolis Life Ins. Co.*, 420 F. Supp. 2d 601, 607 (N.D. Tex. 2006) ("In general, the court will look to the plaintiff's complaint regarding the pleaded amount in controversy . . ..").

9.      While Plaintiff's allegations that the amount in controversy exceeds $75,000 is enough to establish the jurisdictional minimum, a review of the Original Petition proves, by a preponderance of the evidence, that the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). *See also In re Silica Prods. Liab. Litig.*, 398 F. Supp. 2d 563, 646 (S.D. Tex. 2005) (holding that the amount-in-controversy to be satisfied where Plaintiff alleged economic loss, medical and health expenses, and claimed serious medical conditions); *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001) (it is "facially apparent from the complaint that the amount in controversy exceeds the

---

[1] The defendants need make only a short and plain statement regarding the amount-in-controversy in a notice of removal. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 US \_\_\_\_, \_\_\_\_, 135 S.Ct. 547, 553, 190 L.Ed.2d 495, 502 (2014) (citing 28 U.S.C. § 1446(a).).

jurisdictional requirement."); *Great Tenn. Pizza Co. v. BellSouth Telecomm., Inc.*, No. 3:10-cv-151, 2011 WL 1636234, at *1 & n.3 (E.D. Tenn. Apr. 29, 2011); s*ee also Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006) ("a good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence"); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) ("a court can determine that removal was proper if it is facially apparent that the claims are likely above $50,000"); *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *Angus v. Shiley, Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) (medical device product liability complaint alleging similar injuries and seeking similar compensation satisfies amount- in-controversy for federal diversity jurisdiction).

10. Plaintiff alleges she "suffered permanent injuries and significant pain and suffering, emotional distress, lost earning capacity and diminished quality of life." Pet. at ¶7. Plaintiff seeks past and future physical pain and mental anguish damages, as well as future and past medical expenses, and damages for physical impairment as well as exemplary damages and DTPA damages. *Id.* at ¶44.

11. The Fifth Circuit has held that the amount in controversy exceeded $75,000 based on allegations of damages similar to the ones made by Plaintiffs in this case. *See, e.g.*, *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (injuries to right wrist, left knee and patella, upper and lower back coupled with "alleged damages for medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement" supported finding that "claimed damages exceeded $75,000"); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) ("alleged damages for property, travel expenses, an emergency ambulance trip, a six day stay in the hospital, pain and suffering, humiliation, and her temporary inability to do housework after the

hospitalization" was sufficient to meet $75,000 amount-in-controversy requirement).  Here, Plaintiff alleges injuries much greater than those in *Luckett*, including permanent physical disability, future medical expenses, physical pain, mental anguish, and lost income.

12. In addition, a number of other plaintiffs have brought similar product liability actions against Defendants in federal court that specifically plead an amount-in-controversy in excess of $75,000.  *See, e.g., Fiebig v. Davol Inc.,* No. 3:14-cv-01954 (N.D. Tex. filed June 16, 2014) (product liability case regarding Ventrio hernia patch and alleging damages in excess of amount-in-controversy for federal diversity jurisdiction); *Burge v. Davol Inc.*, No. 1: 07-CV-06885 (N.D. Ill. filed Dec. 6, 2007) (Kugel mesh patch case seeking damages in excess of amount required by 28 U.S.C. § 1332); *Terrell v. Davol Inc.*, No. 2:13-cv-05074 (E.D. Pa. filed Aug. 28, 2013) (Marlex Mesh case alleging damages in excess of amount-in-controversy for federal diversity jurisdiction).

13. For these reasons, the amount of recovery sought by Plaintiff clearly exceeds $75,000, exclusive of interest and costs.

### B. Diversity Exists Because Defendants and Plaintiff are Citizens of Different States.

14. The requirement that this be a civil action between citizens of different states for establishing diversity jurisdiction under 28 U.S.C. § 1332 is also met here.  Plaintiff's Original Petition is a civil action, and Plaintiff alleges she is an "individual who resides in Bastrop County, Texas."  Pet. at ¶3.  Hence, Plaintiff is citizen of Texas.

15. C.R. Bard, Inc. is, and was at the time of the filing of the Original Petition, a New Jersey Corporation, and C.R. Bard, Inc.'s principal place of business is located in New Jersey.  *See* Pet. at ¶4.  Accordingly, C.R. Bard, Inc. is a citizen of New Jersey.  *See* 28 U.S.C. § 1332(c)(1).

16. Davol Inc. is, and was at the time of the filing of the Original Petition, a Delaware Corporation. Davol Inc.'s principal offices are located in Rhode Island. *See* Pet. at ¶5. Accordingly, Davol is a citizen of those two states. *See* 28 U.S.C. § 1332(c)(1).

17. Defendants and Plaintiff are therefore citizens of different states for purposes of establishing diversity jurisdiction under 28 U.S.C. § 1332.

18. Because Plaintiff and Defendants are citizens of different states and the amount-in-controversy requirement is met, jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332, and removal is appropriate under 28 U.S.C. § 1441.

### III. CONCLUSION

19. WHEREFORE, Defendants respectfully request that the above-described case be removed from the 408th Judicial District, Bexar County, Texas, to the United States District Court for the Western District of Texas, San Antonio Division.

- 7 -

DATED:  October 8, 2019

Respectfully submitted,

REED SMITH LLP

By: */s/ Curtis R. Waldo*
    Curtis R. Waldo
    (*Attorney-in-charge*)
    State Bar No. 24090452
    Fed. Bar No. 2331235
    cwaldo@reedsmith.com
    811 Main Street, Suite 1700
    Houston, Texas 77002-6110
    Telephone:  713.469.3800
    Facsimile:  713.469.3899

**ATTORNEYS FOR DEFENDANTS**
**C. R. BARD, INC. AND DAVOL INC.**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Notice of Removal has been forwarded to counsel for Plaintiffs, by certified mail, return receipt requested, this 8th day of October, 2019.

**Counsel for Plaintiff**

David C. Wenholz
Texas Bar No. 21176350
dwenholz@wenholz.com
Sean B. Swords
Texas Bar No. 24102554
sswords@wenholz.com
13501 Galleria Circle
Ste. W-270
Austin, Texas 78738
(512) 478-2211
(512) 4 78-3625 (fax)

　　　　　　　　　　　　　　　　　　　　　　　/s/ Curtis R. Waldo
　　　　　　　　　　　　　　　　　　　　　　　Curtis R. Waldo